UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATONYA HILL and
CHARLIE DONTREZ HILL,

      Plaintiffs,

      v.

CITY OF DETROIT,
DETROIT POLICE DEPARTMENT,
DETECTIVE LAWRENCE MITCHELL,
and UNKNOWN DETROIT POLICE
OFFICERS,

      Defendants.
_____/

CASE NO. 17-CV-10296
HON. GEORGE CARAM STEEH

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. 4)

Mother and son, Latoya Hill and Charlie Dontrez Hill, brought this 42 U.S.C. § 1983 action and related state law claims in Wayne County Circuit Court, arising out of Mr. Hill's three-day detention, and 45-day placement on a tether as a result of his arrest for assault with intent to commit murder and other crimes. Defendants are the City of Detroit, the Detroit Police Department, Detective Lawrence Mitchell, and unknown police officers. The named defendants removed the action here based on federal question jurisdiction. Now before the court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by all of the named

- 1 -

defendants. Oral argument had been scheduled in this matter, but upon review of the written submissions, the court determines that a hearing is not needed pursuant to Local Rule 7.1(f)(2). For the reasons set forth below, defendants' motion will be granted.

## A. Factual Background

Because the court is addressing a motion to dismiss pursuant to Rule 12(b)(6), the facts summarized here are those set forth in the Complaint. On a dark and rainy evening on July 31, 2016 at about 7:30 p.m., Douglas Martin was near a McDonald's on Jefferson in Detroit, when he was approached by a young black male who threatened to shoot him. When Martin turned and ran, he was shot once in the shoulder. On August 1, 2016, Martin gave a statement to the police describing his assailant as a black male, in his late twenties, thin, approximately 6'3" to 6'4", with a dark complexion, a mustache, and armed with a dark revolver. In his statement, Martin stated that he may have seen the shooter before at the store on Mack and Rohns, known as the Blue Light Liquor Store.

Two days after the shooting, on August 2, 2016, Martin identified Mr. Hill from a photo line-up. On August 3, 2016, Mr. Hill was arrested by Officer Kristopher Hernden. The state charged Mr. Hill with assault with intent to murder, assault with intent to do great bodily harm less than

murder, carrying a dangerous weapon with unlawful intent, carrying a concealed weapon, and felony firearm. He spent three days in jail and 45-days on a tether.

At the time of the shooting, Mr. Hill used a cane to walk because of knee surgery he had undergone in March, 2016. On September 8, 2016, Mr. Hill's investigator gave the prosecutor exculpatory documents. On September 9, 2016, the date of the preliminary investigation, Mr. Hill's investigator gave defendant Detroit Police Officer Lawrence Mitchell exculpatory documents showing he could not be the shooter including: (1) surveillance video from McDonald's showing that the shooter did not use a cane, (2) surveillance video from the Blue Light Liquor Store showing that Mr. Hill was in the store at around 8:34 p.m. on the date of the shooting while using a cane, and (3) a witness' affidavit stating that he saw Mr. Hill at about 8:45 p.m. on the day of the shooting using a cane as Mr. Hill headed back to his apartment. Mr. Hill claims that he sought to have the criminal charges against him dismissed based on the exculpatory evidence, but the prosecution refused to do so and proceeded with the preliminary examination.

At the preliminary examination on September 9, 2016, Martin testified but was unable to identify Mr. Hill as the person who shot him, admitting

that Mr. Hill was considerably taller than him, standing at 6' 6" tall, while his assailant was only slightly taller than him. Martin admitted that he had encountered Mr. Hill at a local liquor store previously, but at the time of the shooting, he did not tell the police that he recognized his assailant. Martin admitted that he may have picked out Mr. Hill in the photo lineup because he recognized him from other encounters, not necessarily because he was his assailant. He also admitted that it was dark and rainy on the night he was shot, and he was not sure of the identity of his shooter. Based on Martin's inability to positively identify Mr. Hill, the court dismissed the charges for insufficient evidence and ordered Mr. Hill's tether to be removed.

In addition to plaintiffs' § 1983 claim for alleged violations of their Fourth Amendment rights, plaintiffs also plead related state law claims of violations of state constitutional law, false arrest, malicious prosecution, and gross negligence. The court discusses the federal civil rights claims below, and determining that plaintiffs have failed to state any federal claim, remands the related state law claims to state court.

### B. Standard of Law

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the

Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. "'[N]aked assertions' devoid of 'further factual enhancement'" are insufficient to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557, 570). To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). Even though the complaint need not contain "detailed" factual allegations, its "'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true.'" *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

## C. Discussion

**1.    Latonya Hill**

Latonya Hill seeks to recover under § 1983 on the basis that she is

Mr. Hill's mother and incurred legal and investigative fees on his behalf and suffered emotional distress because of his arrest, detention, and imposition of a tether. Latonya Hill is not a proper plaintiff under § 1983. The Sixth Circuit has held:

> In the Sixth Circuit, a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort. Accordingly, only the purported victim, or his estate's representative(s), may prosecute a section 1983 claim; conversely, no cause of action may lie under section 1983 for emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly suffered personally by the victim's family members.

*Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (internal citations omitted). In her response brief, Latonya Hill consented to dismissal of her claim. Accordingly, plaintiff Latonya Hill will be dismissed.

**2.    City of Detroit Police Department**

Mr. Hill has also named the City of Detroit Police Department as a defendant. A police department is merely a creature of the city and cannot be sued under § 1983. The Police Department is not amenable to suit because "[a] suit against a city police department in Michigan is one against the city itself, because the city is the real party in interest." *Glenn v. Walker*, 65 F. App'x 53, 54 (6th Cir. 2003) (quoting *Haverstick Enters. v. Fin. Fed. Credit,* 32 F.3d 989, 992 n.1 (6th Cir.1994)). Accordingly, the City of Detroit Police Department will also be dismissed.

### 3. City of Detroit

Plaintiff has also named the City of Detroit as a defendant. A city may be liable under § 1983 only when the injury is caused by the "execution of a government's policy or custom" under the Supreme Court's seminal decision in *Monell v. Department of Social Services*, 436 U.S. 658, 700-01 (1978). The Sixth Circuit has instructed that, to satisfy the requirements of *Monell*, a plaintiff "must identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (internal citations and quotations omitted). Plaintiff has failed to allege any unconstitutional custom or policy on the part of the City of Detroit or its police department. Accordingly, the City cannot be liable under § 1983, and the City must be dismissed.

In their response brief, plaintiffs consented to dismissal of the City, but asks that the dismissal be without prejudice on the theory that discovery may show that the officers implemented a custom or policy that was the moving force behind the allegedly unconstitutional conduct. The court must reject plaintiffs' proposal to allow the municipal claims to proceed where the Complaint admittedly fails to meet the strictures of *Twombly*.

### 4. Detective Lawrence Mitchell

The Complaint makes a single factual allegation against Detective Mitchell: "[o]n September 9, 2016, before the preliminary examination began, Mr. Hill's investigator gave the Detroit Police Department's officer in charge of the case, Defendant Mitchell, allegedly exculpatory documents and information showing that Plaintiff Mr. Hill could not have been the shooter." (Complaint, ¶ 42). Although Mr. Hill does not specifically title his Fourth Amendment claim against Detective Mitchell as a malicious prosecution claim, defendants analyze it as such, and the court will do so here.

In order to succeed on a malicious prosecution claim under § 1983 when the plaintiff alleges a violation of his Fourth Amendment rights, a plaintiff must establish four elements: (1) a criminal prosecution was initiated against the plaintiff and the defendant made, influenced, or participated in the decision to prosecute, (2) there was a lack of probable cause for the criminal prosecution, (3) plaintiff suffered a deprivation of liberty apart from the initial seizure, and (4) the criminal proceeding must have been resolved in the plaintiff's favor. *Sykes v. Anderson*, 625 F.3d 294, 308-09 (2010). Hill has failed to allege facts sufficient to establish the

first element; thus, Detective Mitchell must be dismissed.

In order for a police officer to be liable for a malicious prosecution claim, the officer must have made, influenced, or participated in the decision to prosecute. *Id.* at 308. In *Sykes*, the Sixth Circuit explained that in order for an officer to be liable for "participating" in the decision to prosecute, "the officer must participate in a way that aids in the decision, as opposed to passively or neutrally participating." *Id.* at 308 n.5. In *Sykes*, the Sixth Circuit affirmed a jury's verdict finding two police officers liable for malicious prosecution where one officer testified falsely at the preliminary hearing, and that false testimony likely was material to the state court's finding that there was probable cause to bind the plaintiff over for trial, and another officer was liable where he made false statements, misrepresentations, and material omissions in his arrest-warrant application and investigative report which directly influenced plaintiff's continued detention. *Id.* at 312-16. The Sixth Circuit stressed, however, "[i]t is absolutely clear, however, than an officer will not be deemed to have commenced a criminal proceeding against a person when the claim is predicated on the mere fact that the officer turned over to the prosecution the officer's *truthful* materials." *Id.* at 314. An officer's "participation must

first element; thus, Detective Mitchell must be dismissed.

In order for a police officer to be liable for a malicious prosecution claim, the officer must have made, influenced, or participated in the decision to prosecute. *Id.* at 308. In *Sykes*, the Sixth Circuit explained that in order for an officer to be liable for "participating" in the decision to prosecute, "the officer must participate in a way that aids in the decision, as opposed to passively or neutrally participating." *Id.* at 308 n.5. In *Sykes*, the Sixth Circuit affirmed a jury's verdict finding two police officers liable for malicious prosecution where one officer testified falsely at the preliminary hearing, and that false testimony likely was material to the state court's finding that there was probable cause to bind the plaintiff over for trial, and another officer was liable where he made false statements, misrepresentations, and material omissions in his arrest-warrant application and investigative report which directly influenced plaintiff's continued detention. *Id.* at 312-16. The Sixth Circuit stressed, however, "[i]t is absolutely clear, however, than an officer will not be deemed to have commenced a criminal proceeding against a person when the claim is predicated on the mere fact that the officer turned over to the prosecution the officer's *truthful* materials." *Id.* at 314. An officer's "participation must

be marked by some kind of blameworthiness, something beyond mere negligence or innocent mistake." *Johnson v. Moseley*, 790 F.3d 649, 655 (6th Cir. 2015).

In this case, Mr. Hill does not allege that Detective Mitchell made any false statements or material omissions in his investigative report. Mr. Hill's sole complaint against Detective Mitchell is that Mitchell did not stop the prosecution after Mr. Hill's investigator presented him with allegedly exculpatory evidence on the morning of September 9, 2016, the date of the preliminary examination. Those materials included surveillance videos from the McDonald's and the Blue Light Liquor Store, as well as the affidavit of a witness who saw Mr. Hill walking with a cane on the night of the shooting. But by Mr. Hill's own admissions, his investigator went to Wayne County Prosecutor's Office on September 8, 2016, and gave the prosecutor the same exculpatory information. (Complaint, Exhibit 1). Because the prosecutor had the exculpatory materials before the preliminary examination began, her decision to continue with that examination was not based on any omission on Detective Mitchell's part.

The timing of events is important here. By Mr. Hill's own allegations in the Complaint, his investigator did not provide Detective Mitchell with the

exculpatory information until the morning of the preliminary examination, which took place on September 9, 2016, and his investigator had already provided those materials to the prosecutor the day before.  Thus, there is no causal link to suggest that the prosecutor continued with the preliminary examination based on Detective Mitchell's possible failure to turn over those allegedly exculpatory materials.  Accordingly, Detective Mitchell is not liable for malicious prosecution under § 1983 and will be dismissed.

Mr. Hill does not analyze his § 1983 claim against Detective Mitchell as a malicious prosecution claim, but rather characterizes the claim as a violation of Mr. Hill's Fourth Amendment rights because he was detained after giving the allegedly exculpatory materials to Detective Mitchell which allegedly obviated probable cause.  Mr. Hill is correct that the Sixth Circuit recognizes that a Fourth Amendment claim exists under § 1983 for a continuing detention when there is an absence of probable cause, which need not be analyzed under the malicious prosecution rubric.  *Gregory v. City of Louisville*, 444 F.3d 725, 748-50 (6th Cir. 2006).  In *Gregory*, the plaintiff had served more than seven years in custody on charges of rape, attempted rape, and burglary when his conviction was vacated based on DNA evidence which exonerated him.  *Id.* at 731.  Gregory then brought a

§ 1983 claim against numerous defendants, including a claim against a state police crime laboratory examiner who allegedly withheld evidence that hairs found on a pair of nylons the alleged perpetrator wore during the crime did not match Gregory's hair and who allegedly fabricated a false laboratory report. *Id.* at 750. The Sixth Circuit ruled it was a jury question whether the examiner's conduct would have dissolved probable cause such that the defendant could be liable under § 1983. *Id.* at 750.

Unlike *Gregory*, there is no allegation here that Detective Mitchell withheld or fabricated evidence which would vitiate probable cause, but the allegation is that Detective Mitchell's receipt of allegedly exculpatory evidence from Mr. Hill's investigator should have put him on notice that Mr. Hill could not have been the shooter. That evidence consisted of surveillance video from the McDonald's restaurant showing that the perpetrator did not use a cane at the time of the shooting at 7:30 p.m., and video footage from the Blue Light Liquor store from approximately an hour later showing Mr. Hill using a cane in the store, as well as a witness statement that at about 8:45 p.m. on the night of the shooting, he saw Mr. Hill walking home to his apartment using a cane. It is not clear that this evidence would obviate probable cause which was based on the fact that

the victim picked Mr. Hill out of a photo array.

Even if the surveillance videos and witness affidavit would have dissolved probable cause for Mr. Hill's detention, Mr. Hill cannot show that his seizure continued or was caused by Detective Mitchell. Mr. Hill presented the material to Detective Mitchell the morning of September 9, 2016, prior to the preliminary examination, and he was released and the charges were dismissed before noon the same day. The exculpatory materials were known to the prosecutor prior to the time Mr. Hill provided them to Detective Mitchell. Under these circumstances, Detective Mitchell cannot be liable for detaining Mr. Hill without probable cause, and Mr. Hill's Fourth Amendment claim under § 1983 must be dismissed.

### D. Conclusion

For the reasons set forth above, defendants' motion to dismiss plaintiffs' § 1983 claims (Doc. 4) against all named defendants are GRANTED.

Having dismissed all of the federal claims, this court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law

claims, or remanding them to state court if the action was removed."
*Musson Theatrical v. Federal Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).  Plaintiffs consent to dismissal of the state constitutional violations pled in Count II.  Accordingly, the state law claims set forth in Counts III, IV, and V in case number 16-014268-NZ are REMANDED to Wayne County Circuit Court.

**IT IS SO ORDERED**.

Dated:  April 18, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 18, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk